JUDGE FURMAN

12 CIV 4311

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

SABRINA SANDIFORD,

               Plaintiff,

    -against-

THE CITY OF NEW YORK, DANIEL
MacSWEENEY, and JOHN DOES 1- 7

               Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

**COMPLAINT**

JUN 0 1 2012
U.S.D.C. S.D. N.Y.
CASHIERS

**PLAINTIFF DEMANDS
A TRIAL BY JURY**

      Plaintiff, Sabrina Sandiford, by her attorneys, Reibman & Weiner, as and for

her Complaint, hereby alleges as follows, upon information and belief:

## PARTIES, VENUE and JURISDICTION

      1.    At all times hereinafter mentioned, plaintiff Sabrina Sandiford was an

adult female resident of Orange County, in the State of New York.

      2.    At all relevant times hereinafter mentioned, defendant, City of New

York ("New York City"), was and is a municipal corporation duly organized and existing

under and by virtue of the laws of the State of New York and acts by and through its

agencies, employees and agents, including, but not limited to, the New York City Police

Department ("NYPD"), and their employees.

      3.    At all relevant times hereinafter mentioned, defendant, Daniel

MacSweeney (Shield No.: 5838), was an adult male employed by the City of New York as a

member of the NYPD.  MacSweeney is sued herein in his official and individual capacities.

      4.    At all relevant times hereinafter mentioned, defendants, John Does 1 -

7, were adult males employed by the City of New York as members of the NYPD.  The Doe

defendants are sued herein in their official and individual capacities.

5.    This Court has jurisdiction of this action pursuant to 28 U.S.C. §§ 1331, 1343 and 1367, and 42 U.S.C. § 1983.

6.    Venue is properly laid, pursuant to 28 U.S.C. Section 1391, et seq. in the Southern District of New York, where the plaintiff and defendant City of New York reside, and where the majority of the actions complained of herein occurred.

## RELEVANT FACTS

7.    On December 15, 2009, at about 5:00 p.m., plaintiff, Sabrina Sandiford, was lawfully present with several other individuals in an apartment l;ocated at 2825 Bruckner Boulevard, in the Bronx, New York ("the premises"). Ms. Sandiford was present dropping off boxes for her son and his stepbrother, Jason, who were packing Jason's belongings in preparation for a move he was making from that residence. Also present were plaintiff's 14-year-old son, Aron, and two of Jason's friends.

8.    At this time, defendants arrived in plain clothes, entered the premises without a warrant and without notice, and occupied the living room of the premises.

9.    The defendants demanded that the plaintiff and the other four individuals present lay on the floor, placed handcuffs on them and demanded to know the whereabouts of Jason's brother.

10.    Despite the fact that plaintiff had no knowledge of the information sought by defendants, defendants threatened plaintiff that if she did not cooperate, they would place her son Aron into the custody of Administration for Children's Services

("ACS").

11.     Despite the absence of any evidence of wrongdoing, the defendants formally arrested plaintiff, and took plaintiff in handcuffs from the premises to the 48th Precinct, where she was held in handcuffs for several more hours and strip searched.

12.     The defendants' search of plaintiff's person did not yield any evidence of guns, illegal drugs or contraband.

13.     After a number of hours at the 48th Precinct, plaintiff was transferred to Bronx Central Booking, where she was held for many more hours before she was arraigned on a criminal complaint sworn to by defendant MacSweeney.

14.     In the criminal complaint, defendant MacSweeney alleged that plaintiff was in unlawful possession of illegal contraband. This allegation was false and defendant knew it to be false when he made it.

15.     By submitting various paperwork to the Bronx County District Attorney, signing the complaint, and otherwise affirmatively seeking the prosecution of plaintiff, MacSweeney deliberately caused and otherwise initiated the prosecution of the plaintiff, and affirmatively acted to ensure that this prosecution proceeded to and beyond arraignment.

16.     While in custody, plaintiff repeatedly requested access to lawfully prescribed medication she takes twice daily to prevent convulsions she suffers from migraines. Plaintiff was not permitted to take her medication as scheduled.

17.     Plaintiff was informed by members of the NYPD at Central Booking

3

that if she went to the hospital, it would take her longer to be released from Central Booking. Accordingly, despite plaintiff's anxiety regarding her health, she did not go to the hospital on the advice of members of the NYPD.

18.    After her arraignment, plaintiff was released but given a court date to return.  Plaintiff was required to return to court on the charges at least five separate times

19.    On May 17, 2010, all charges against plaintiff were dismissed in her favor.

20.    Plaintiff works for the New York City Department of Education, and she was not given assignments until the court dismissed her case, causing her a loss of income.

21.    At no time did there exist any basis to utilize any level of force against Ms. Sandiford, much less the force actually employed, nor could any of the defendants have reasonably believed that such force was necessary.

22.    At no time prior to or during the encounter was there sufficient legal cause to believe that Ms. Sandiford was engaged in any suspicious or unlawful activity.

23.    At no time prior to or during the encounter was there probable cause to arrest plaintiff.

24.    At no time did any of the defendants take any steps to intervene in, prevent, or otherwise limit the misconduct engaged in by the defendants against Ms. Sandiford.

25.    The individual defendants intentionally and deliberately gave false

4

statements and/or failed to file accurate or corrective statements, or otherwise failed to

report the conduct of the defendants who engaged in the misconduct described herein as

required.

26.     That at all times relevant herein, the defendants were acting within the

scope of their employment, and their acts were done in furtherance of the City of New

York's interests and without legal justification or excuse.

## FIRST CAUSE OF ACTION

27.     Plaintiff repeats the allegations contained in paragraphs "1" through

"26" above as though stated fully herein.

28.     Defendants willfully and intentionally seized, searched, detained and

arrested plaintiff without probable cause, and without a reasonable basis to believe such

cause existed.

29.     Defendants willfully and intentionally subjected plaintiff to physical

force in excess of what was reasonable under the circumstances, and denied plaintiff access

to her medication or to medical services to address her condition, which caused plaintiff

physical suffering, and did so without a reasonable basis to believe that such conduct was

appropriate, reasonable, lawful or necessary.

30.     Defendants willfully and intentionally subjected plaintiff to prosecution

under the laws of the State of New York without reason to believe that a basis for her

prosecution existed under the circumstances and caused plaintiff to suffer injuries, and did so

without a reasonable basis to believe that such conduct was appropriate, reasonable, lawful

or necessary.

31.    Defendants maliciously continued to subject plaintiff to prosecution under the laws of the State of New York despite the fact that there was no probable cause for her arrest and continued prosecution.

32.    By so doing, the individual defendants, individually and collectively, subjected the plaintiff to false arrest and imprisonment, excessive force, unlawful searches of person and property, denial of due process, malicious prosecution, and the denial of her right to a fair trial, and thereby violated, conspired to violate, and aided and abetted in the violation of plaintiff's rights under the Fourth, Sixth and Fourteenth Amendments of the United States Constitution.

33.    By reason thereof, the individual defendants have violated  42 U.S.C. §1983 and caused plaintiff to suffer emotional and physical injuries, mental anguish, incarceration and the deprivation of liberty, and the loss of her constitutional rights.

## SECOND CAUSE OF ACTION

34.    Plaintiffs repeat the allegations contained in paragraphs "1" through "33" above as though stated fully herein.

35.    Defendant City of New York was responsible for ensuring that reasonable and appropriate levels of supervision were in place within and/or over the NYPD.

36.    Defendant had actual or constructive knowledge that there was inadequate supervision over and/or within the NYPD with respect to its members' abuse of

their authority, use of excessive force, abuse of arrest powers, and other blatant violations of the United States Constitution and the rules and regulations of the NYPD. Despite ample notice of inadequate supervision, defendants took no steps to ensure that reasonable and appropriate levels of supervision were put place to reasonably ensure that NYPD members engaged in police conduct in a lawful and proper manner, including their use of their authority as law enforcement officers with respect to the general public, including, and specifically, the plaintiffs herein.

37.    The defendant City of New York deliberately and  intentionally chose not to take action to correct the chronic, systemic and institutional misuse and abuse of police authority by its NYPD employees, and thereby deliberately and  intentionally adopted, condoned, and otherwise created through deliberate inaction and negligent supervision, an NYPD policy, practice and custom of utilizing illegal and impermissible searches, arrests and detentions, and the manufacturing of evidence, in the ordinary course of NYPD business in flagrant disregard of the state and federal constitutions, as well as the Patrol Guide, up to and beyond the plaintiffs' arrest.

38.    All of the acts and omissions by the individual defendants described above were carried out pursuant to overlapping policies and practices of the municipal defendant in
their capacities as police officers and officials pursuant to customs, policies, usages, practices, procedures and rules of the City and the NYPD, all under the supervision of ranking officers of the NYPD

7

39.    The aforementioned customs, practices, procedures and rules of the

CITY and the NYPD include, but are not limited to, the following unconstitutional practices:

a.    Using excessive force on individuals, including but not limited to those who
      have already been handcuffed;
b.    Failing to supervise, train, instruct and discipline police officers and
      encouraging their misconduct;
c.    Discouraging police officers from reporting the corrupt or unlawful acts of
      other officers;
d.    Retaliating against officers who report police misconduct; and
e.    Failing to intervene to prevent the above-mentioned practices when such
      intervention is reasonably available.

33.    The existence of aforesaid unconstitutional customs and policies may

be inferred from repeated occurrences of similar wrongful conduct, as documented in the

following, non-exhaustive list of civil actions:

a.    Thompson v. City of New York, 10-CV-3603 (ARR) (SMG) (E.D.N.Y.);

b.    Lotorto v. City of New York, 10-CV-1223 (ILG) (JMA) (E.D.N.Y.);

c.    Zabala v. City of New York, 37711/2010 (Sup. Ct., Kings Co.);

d.    Ashe v. City of New York, 09-CV-9696 (GBD) (THK) (S.D.N.Y.);

e.    Long v. City of New York, 09-CV-9216 (AKH) (S.D.N.Y.);

f.    Moise v. City of New York, 09-CV-9855 (DC) (JLC) (S.D.N.Y.)

g.    Taylor-Mickens v. City of New York, 09-CV-7923 (RWS) (SD.N.Y.)

h.    Carmody v. City of New York, 05-CV-8084 (HB), 2006 U.S. Dist. LEXIS
      83207

i.    McMillan v. City of New York, 04-CV-3990 (FB) (RML) (E.D.N.Y.);

j.    Avent v. City of New York, 04-CV-2451 (CBA) (CLP) (E.D.N.Y.):

k.    Smith v. City of New York, 04-CV-1045 (RRM) (JMA) (E.D.N.Y.);

l.    Powers v. City of New York, 04-CV-2246 (NGG) (E.D.N.Y.);

m.    Dotson v. City of New York, 03-CV-2136 (RMB) (S.D.N.Y.);

n.    Nonnemann v. City of New York, 02-CV-I0131 (JSR) (AJP) (S.D.N.Y.);
o.    Richardson v. City of New York, 02-CV-3651 (JG) (CLP) (E.D.N.Y.);

p.    Barry v. New York City Police Department, 01-CV-10627 (CBM) (S.D.N.Y.);

q.    Walton v. Safir, 99-CV-4430 (AKH) (S.D.N.Y.);

r.    White-Ruiz v. The City of New York, 93-CV-7233 (DLC) (MHD) (S.D.N.Y.);

s.    Ariza v. City of New York, 93-CV-5287 (CPS) (E.D.N.Y.);

34.    In an Order dated November 25, 2009, in Colon v. City of New York,

09-CV-0008 (E.D.N.Y.), the Hon. Jack B. Weinstein stated:

> Informal inquiry by the court and among the judges of this
> court, as well as knowledge of cases in other federal and state
> courts, has revealed anecdotal evidence of repeated, widespread
> falsification by arresting police officers of the New York City
> Police Department. Despite numerous inquiries by commissions
> and strong reported efforts by the present administration --
> through selection of candidates for the police force stressing
> academic and other qualifications, serious training to avoid
> constitutional violations, and strong disciplinary action within
> the department -- there is some evidence of an attitude among
> officers that is sufficiently widespread to constitute a custom or
> policy by the city approving illegal conduct of the kind now
> charged.

35.    Similarly, in a more recent Order dated May 16, 2012, in Floyd v. City

of New York, 08-CV-1034 (S.D.N.Y.), the Hon. Shira A. Scheindlin stated:

> Defendants' cavalier attitude towards the prospect of a
> "widespread practice of suspicionless stops" displays a deeply
> troubling apathy towards New Yorkers' most fundamental

9

constitutional rights.

36.     Furthermore, more than half the time that the Civilian Complaint Review Board refers substantiated complaints against officers to the NYPD for disciplinary action, the NYPD either simply issues a verbal warning or drops the charges altogether.

37.     It is therefore clear that the municipal defendant has not only tolerated, but actively fostered a lawless atmosphere within the NYPD and that the City of New York was deliberately indifferent to the risk that the inadequate level of supervision would lead to the violation of individuals' constitutional rights in general, and caused the violation of plaintiffs' rights in particular.

38.     By reason thereof, defendant has violated 42 U.S.C. §1983 and caused plaintiff to suffer emotional and physical injuries, mental anguish, incarceration and deprivation of liberty, and the loss of her constitutional rights.

## DEMAND FOR A JURY TRIAL

Pursuant to Fed. R. Civ. P. 38, plaintiff hereby demands a jury trial of all issues capable of being determined by a jury.

**WHEREFORE**, the plaintiff demands judgment against defendants jointly and severally as follows:

i.    on the causes of action one through two, actual and punitive damages in an amount to be determined at trial;

ii.    statutory attorney's fees pursuant to, inter alia, 42 U.S.C. §1988, and disbursements and costs of this action; and

iii.    such other relief as the Court deems just and proper.

Dated: Brooklyn, New York
      May 31, 2012

REIBMAN & WEINER

By: _____
Michael Lumer, Esq. (ML - 1947)
Attorneys for Plaintiff
26 Court Street, Suite 1808
Brooklyn, New York 11242
(718) 522-1743

11